Freeman, J.,
delivered the opinion of the Court.
This was an action commenced by warrant in debt, before a Justice of the Peace for Morgan County, by G. W. Keith and wife, Ruth Keith, against Fallwickle and wife. Judgment was given by the Justice for plaintiff, and appeal by defendants to the Circuit Court, where the case was tried by a jury, and verdict rendered for plaintiff for the sum of $34.44, on which judgment was entered by the Court against defendants. A motion was made by defendants for a new trial, which was overruled by the Court, and an appeal, in nature of writ of error, prayed to this 'Court.
It appears from the proof in the record, that during *361 plaintiff Keith’s absence from home, his wife sold to the wife of defendant in error, two feather beds and some quilts, worth about $32. This was in the latter part of 1863 or 1864. It does not appear from the record, at what time Keith returned to his home, but the suit was not commenced till the 15th of February, 1868.
Several questions have been presented in argument, by counsel on both sides, and in the briefs in the cause, which we do not deem it necessary, at present, to decide.
One question raised in the record is decisive of the case. It is clear from the proof, that Mrs. Keith is now, and was, at the time of sale of the articles to Mrs. Fallwickle, a married woman; and as such, could not sue in a cause of action, such as is shown in this case. 1 Chit. PL, 74. This general rule, long established, has its exceptions; such as in case of desertion of the wife by the husband, and other cases provided for by the Code, 2805, 2486, and by common law, in case of the husband’s banishment, or abjuration of the realm. 2 Kent’s Com., 154; or she may sue, together with her husband, on covenants or other engagements entered into in writing with her. Catron v. Warren & Moore, 1 Cold. 362; Lowry v. Naff, 4 Cold., 370; Kirby v. Miller, Adm’r, etc., 4 Cold., 3; 1 Chit. Pl., 74.
There is no pretense that the wife had any separate estate, or any interest, either joint or several, in the property sold, for the price of which the suit is brought. The husband simply proposes to affirm the sale made by her as his agent at the time, or to ratify her act. It certainly could not be held that when an agent sells *362 property for another, a joint right of action for the price, accrued to the parties to recover the price. In a court of law, whether the contract be express or implied, or whether it be by parol or under seal, or of record, the suit must be brought in the name of the person in whom the legal interest is vested.† Gwinther v. Gerding, 3 Head, 197; 1 Ch. Pl., 3, 4.
The proof in the case most clearly fails to show any joint right of action in the plaintiffs, and as the verdict and judgment is joint in their favor, it cannot be sustained. There is, in fact, no proof on which the verdict can stand.
The right of action shown, if any, is clearly a several and single right in Keith to recover the value of his property, sold by his wife, whose act, in making the sale, he affirms and ratifies by the form of his action.
It is equally clear that no right of action accrued against Mrs. Eallwickle, and that she was improperly sued in this case.
It follows that the Circuit Judge erred in not granting a new trial.
The judgment will be reversed, and the case remanded for such further proceedings as may be had in the Circuit Court.

 See Wolfe v. Tyler, ante 313.